IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

🖥 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0503-A**
**Judge Leslie Abernathy-Maddox**
APR 01, 2021 06:21 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

| | | |
|---|---|---|
| CHRIS GRAY II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. |
| WALMART, INC. | ) | |
| AND JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Chris Gray, II, files his Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Defendant Walmart, Inc. ("Walmart") is a foreign corporation existing under the laws of Delaware with its principal place of business in Arkansas. Walmart is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, Georgia 30040. Walmart is subject to the jurisdiction of this Court. Venue is proper.

2.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

3.

Venue is proper in this Court pursuant to O.C.G.A. §14-2-510(b)(3).

4.

On May 8, 2020, Plaintiff was an invitee at the Walmart store located at 440 Atlanta Highway, Northwest, Winder, Georgia 30680.

5.

On May 8, 2020, Plaintiff walked through the garden department when he slipped and fell to the ground.

6.

After his fall, he saw clear liquid on the ground.

1.

Plaintiff was not aware of the liquid on the floor and there were no "wet floor" signs to warn him of the hazardous condition.

8.

Walmart knew a hazardous condition existed on the common areas and aisles and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

9.

There were no "wet floor" signs or other warnings in the area where Plaintiff fell of the hazardous condition that existed at the time of his fall.

11.

As a result of Plaintiff's fall, he suffered serious injuries.

10.

Plaintiff's fall was caused solely by Defendants' negligence.

2

11.

Defendants were negligent because they failed to maintain, inspect, and clean the area where Plaintiff fell, even though they had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

12.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

13.

Plaintiff was an invitee on the Property at the time of the fall.

14.

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

15

Defendants failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

16.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

17.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

3

18.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate him for the following elements of damage:

      a.    Medical expense;

      b.    Pain and suffering;

      c.    Lost wages;

      d.    Mental anguish; and

      e.    Diminished quality of life.

19.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less than as follows:

| Precision Injury Care | $ 27,011.00 |
|---|---|
| Allegiance Imaging | $  2,350.00 |
| Elite Radiology | $  5,850.00 |
| OrthoSport and Spine | $ 45,551.68 |
| Lost Wages | $  4,580.00 |
| TOTAL SPECIAL DAMAGES | $ 85,342.68 |

20.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $85,342.68, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs,

4

expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: VICARIOUS LIABILITY

21.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

22.

At all times relevant to this action, John Does and/or employed individuals of Walmart (collectively referred to as "Agents"), were responsible for inspecting and maintaining the area where Plaintiff fell.

23.

Defendant Walmart is responsible for the conduct of the Agents under the doctrines of *respondeat superior*, agency or apparent agency.

24.

The Agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

25.

The Agents failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

26.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

27.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants, to compensate him for the following elements of damage:

     f.   Medical expense;

     a.   Pain and suffering;

     b.   Lost wages;

     c.   Mental anguish; and

     d.   Diminished quality of life.

28.

As a proximate result of the Agents' negligence, Plaintiff suffered special damages no less than as follows:

| | |
|---|---|
| **Precision Injury Care** | **$ 27,011.00** |
| **Allegiance Imaging** | **$   2,350.00** |
| **Elite Radiology** | **$   5,850.00** |
| **OrthoSport and Spine** | **$ 45,551.68** |
| **Lost Wages** | **$   4,580.00** |
| **TOTAL SPECIAL DAMAGES** | **$ 85,342.68** |

29.

Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $85,342.68, for general damages, for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined

at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

30.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

31.

Walmart is required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

32.

Walmart is required to train its Agents concerning safety procedures for inspecting, repairing and maintaining the premises.

33.

Walmart is negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

34.

Walmart is negligent for failing to train its Agents concerning safety procedures for inspecting and maintaining the premises.

35.

Walmart was negligent in the training and supervising of its Agents.

36.

As a result of Walmart's negligence, Plaintiff was injured.

37.

As a result of Walmart's negligence in training and supervising its Agents, Plaintiff was injured.

38.

As a direct and proximate result of Walmart's negligent hiring and supervision, Plaintiff is entitled to monetary damages from Walmart to compensate him for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Lost wages;

    d.    Mental anguish; and

    e.    Diminished quality of life.

39.

As a proximate result of Walmart's negligence, Plaintiff suffered special damages no less than as follows:

| Precision Injury Care | $ 27,011.00 |
|---|---|
| Allegiance Imaging | $ 2,350.00 |
| Elite Radiology | $ 5,850.00 |
| OrthoSport and Spine | $ 45,551.68 |
| Lost Wages | $ 4,580.00 |
| TOTAL SPECIAL DAMAGES | $ 85,342.68 |

40.

Defendants have been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

8

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $85,342.68, for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

This the 31st day of March, 2021.

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
Jessica Burkhart
Georgia Bar No. 493002
*Attorneys for Plaintiff(s)*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

CHRIS GRAY II,                                    Civil Action File No.
                                                 21SC-0503-A
              Plaintiff,

v.

WALMART, INC.
AND JOHN DOES 1-3,

              Defendants.

_____/

### ANSWER OF DEFENDANT WALMART, INC.

COMES NOW, Defendant WALMART, INC. and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

### FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

### SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

### SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

### 2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint as stated.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint, as stated.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

Second paragraph 11.

Defendant denies the allegations contained in the second paragraph 11 of the Plaintiff's Complaint.

12.

Defendant incorporates by reference each earlier paragraph of this Answer with the full force and effect as if they were restated verbatim.

13.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., and e., thereof.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

21.

Defendant incorporates by reference each earlier paragraph of this Answer with the full force and effect as if they were restated verbatim.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint, including subparagraphs f., a., b., c., and d., thereof.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

30.

Defendant incorporates by reference each earlier paragraph of this Answer with the full force and effect as if they were restated verbatim.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's

Complaint, as stated. The applicable statute and case law speak for themselves. Defendant has adopted certain policies.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves. Defendant has adopted certain policies.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., and e., thereof.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

42.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART, INC. has this day been filed and served upon opposing counsel via Peach Court E-File.

This the  20th  day of April, 2021.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -11-